NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0268n.06

No. 09-5624

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 29, 2010
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| STEVE MINER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| MONTGOMERY COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| MONTGOMERY COUNTY DEPARTMENT OF BUILDING AND CODES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE:  BOGGS, SUHRHEINRICH, and ROGERS, Circuit Judges.

**ROGERS, Circuit Judge.**  Plaintiff Steve Miner appeals the grant of summary judgment in favor of his former employer, defendant Montgomery County, Tennessee, on his federal- and state-law age discrimination claims.  Miner was in his mid-fifties and had worked for the County's Department of Building and Codes for approximately fifteen years—including eight years as Building Commissioner—when Mayor Carolyn Bowers terminated his at-will employment in January 2007.  After Bowers chose a substantially younger individual to replace Miner as Building Commissioner, Miner filed a charge with the EEOC and then filed suit in federal district court, stating claims under both the Age Discrimination in Employment Act and the Tennessee Human

Rights Act. Bowers claims that she terminated Miner because he enforced the building code inconsistently (a belief based largely on complaints received from builders and developers); dealt with others arrogantly (a belief based in part on the complaints and in part on Bowers' own personal observations); and ran the department's office inefficiently. Miner contends, by contrast, that Bowers' stated reasons were a mere pretext for age discrimination.

The County conceded, for purposes of its motion for summary judgment, that Miner could make out a prima facie case of discrimination. *See Miner v. Montgomery County, Tenn.*, No. 3:07-cv-1260, 2009 WL 1046860, at *4 (M.D. Tenn. Apr. 20, 2009). Applying the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the district court concluded that the County had proffered three legitimate, nondiscriminatory reasons for Miner's termination. *Miner*, 2009 WL 1046860, at *4-5. Miner, however, had not presented sufficient evidence to support an inference that the County's proffered reasons were a pretext for unlawful discrimination. *Id.* at *6. From the district court's perspective, even though Bowers and her Director of Administration had testified inconsistently as to whether the complaints about Miner had been investigated, this inconsistency did not "implicate Bowers' credibility with respect to whether she received complaints and basically believed the reports she was hearing." *Id.* at *5-6. Similarly, although Miner challenged the factual basis for Bowers' conclusion that he had been arrogant, "[t]he fact remain[ed] that Mayor Bowers herself [had] clearly perceived Miner to have been arrogant and disrespectful." *Id.* at *6. The district court concluded that even if Bowers' decision to terminate Miner had been "ill-advised or insufficiently researched, . . . the complaints coupled with [Bowers']

own observations were sufficient to support the adverse action" for purposes of Miner's discrimination claims. *Id.* Finding that Miner had not created a genuine issue of fact as to pretext, the district court granted the County's motion for summary judgment in full. *Id.* at *6-7.

Miner now appeals, advancing arguments similar to those relied upon in the district court. Having carefully reviewed the factual record, the controlling case law, and the parties' appellate briefs, and having also had the benefit of oral argument, we agree with the district court that Miner has not created a genuine issue of fact as to whether the County's proffered reasons for his termination were a pretext for unlawful discrimination. *See id.* at *5-6. Because the district court thoroughly explained its decision, and because our issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this court's jurisprudence, we affirm for the reasons stated in the district court's April 20, 2009, opinion.